JOURNAL ENTRY AND OPINION
Defendant-appellant Kemmit Woolfolk, aka Kemmitt Woolfolk, Jr. (Woolfolk), appeals from the denial of his petition for postconviction relief, without an evidentiary hearing, made pursuant to R.C. 2953.21. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Woolfolk was indicted on December 11, 1986, on one count of Aggravated Murder (with a felony murder specification), and one count of Aggravated Robbery, involving the victim, Beverly A. Smith. On February 26, 1987, Woolfolk pled guilty to one count of Aggravated Murder with a felony murder specification. Woolfolk was represented at trial by attorneys Mark A. Stanton and Anthony O. Calabrese, Jr. As part of the plea bargain, the second count was nollied and Woolfolk agreed to a life sentence with the possibility of parole after twenty years imprisonment.[1] Woolfolk was sentenced by a three-judge panel on February 26, 1987, in conformity with the plea bargain. See Journal Vol. 722, page 680, journalized March 11, 1987. In particular, the guilty plea/sentencing entry stated that [D]efendant voluntarily and willingly waives his rights and understandsthe nature of the charge, his constitutional rights and the plea bargain. (Italicization added.) No direct appeal was taken by Woolfolk from the guilty plea or sentencing.
On September 20, 1996, Woolfolk filed his petition for postconviction relief, with two affidavits attached thereto, arguing ineffective assistance of trial counsel in not informing him that the twenty-year sentence was a minimum term of imprisonment, and thereby his guilty plea was not knowing, voluntary or intelligent. Specifically, Woolfolk averred that his trial counsel had told him that the twenty-year-to-life sentence meant that he would be eligible for parole in twelve to thirteen years through the possibility of good time if he behaved while in prison and participated in prison programs. Woolfolk claimed that he was persuaded to plead guilty by counsel because he had no criminal record, would be a good candidate for release prior to twenty years because of the lack of a criminal record, and that counsel held out the possibility that crowded prison conditions might cause him to be released early, or that the law would change and prompt his early release. In short, Woolfolk claimed that, based on these representations by trial counsel, he did not understand that he would have to serve a minimum sentence of twenty years; and that he would not have pled guilty absent the possibility of good time to prompt his release prior to twenty-years imprisonment. See petition at 2 and 3. The affidavits attached to the petition included the following affiants: (1) Miss Esther Sanders, the girlfriend of Woolfolk, who averred that she was present when Woolfolk's counsel spoke to Woolfolk concerning the proposed plea and that counsel informed Woolfolk (who was concerned what the term twenty years to life meant) that he would get paroled early, in as little as eight to ten years, if he was a good prisoner; and, (2) Woolfolk, who averred the previously related arguments supporting the petition.
The State filed on August 20, 1997, a motion to dismiss the petition.
The trial court issued findings of fact and conclusions of law, without the benefit of an evidentiary hearing, on August 29, 1997, denying the petition. See Journal Vol. 609, pages 673-678. This entry did not contain a service clause on the parties.
On March 31, 1999, Woolfolk, through attorney David Doughten, filed a motion requesting findings of fact and conclusions of law and notification to counsel.
The trial court issued its findings of fact and conclusions of law, denying the petition without benefit of an evidentiary hearing, on June 15, 1999. See Journal Vol. 866, page 913, and Journal Vol. 870, pages 918-922.
Appellant presents two assignments of error for review from the denial of his petition for postconviction relief.
The first assignment of error states the following:
 THE TRIAL COURT ERRED IN SUMMARILY DISMISSING APPELLANT'S R.C. S2953.21 POST-CONVICTION (sic) ACTION WITHOUT ACCORDING HIM AN EVIDENTIARY HEARING.
Where no direct appeal is filed, a petition for postconviction relief must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2). On its face, the 1996 petition sub judice is untimely since the time for filing it expired in the Fall of 1987. For offenses occurring prior to July 1, 1996, R.C.2953.23(A) provides the method for reviewing an untimely petition:
 (A) * * * a court may not entertain a petition filed after the expiration of the period * * * unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. (Italicization added.)
In the case at hand, the facts supporting the claim of ineffective assistance of trial counsel, to-wit, the alleged representations of trial counsel regarding good time providing the possibility of Woolfolk being released from prison prior to serving twenty years actual, were known in 1987. There is no showing by Woolfolk in his petition that he was unavoidably prevented from discovering the fact that good time was not an avenue which was available to him prior to serving his minimum term. See R.C. 2953.23(A)(1)(a). Also, Woolfolk has not asserted in the petition a new federal or state right that applies retroactively to persons in his situation. See R.C. 2953.23(A)(1)(b). Finally, Woolfolk has not shown by clear and convincing evidence that, but for the ineffective assistance of trial counsel, no reasonable factfinder would have found him guilty of the offense of Aggravated Murder. See R.C. 2953.23(A)(2). Accordingly, the trial court did not have the authority to entertain the petition and could have properly dismissed the untimely petition without an evidentiary hearing.
In the alternative, the trial court properly dismissed the petition on its merits without an evidentiary hearing.
A trial court may dismiss a petition for postconviction relief without first holding an evidentiary hearing. State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450. The trial court may do so where it determines that the petition, supporting affidavits, documentary evidence, files, and the record do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. State v. Calhoun (1999), 86 Ohio St.3d 279, at paragraph two of the syllabus. In presenting a claim based on ineffective assistance of counsel, petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that petitioner was prejudiced by the ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107. If the petitioner fails to meet this burden, the trial court may dismiss the petition without a hearing. Id. With regard to a claim alleging ineffective assistance of counsel, it must be remembered that trial counsel is strongly presumed to have rendered adequate assistance. State v. Smith (1985), 17 Ohio St.3d 98.
As previously stated, Woolfolk attached two affidavits to his petition, his own and one from his girlfriend, each alleging hearsay evidence. The trial court did not abuse its discretion in discounting this evidence as true statements of fact given the affiants' affiliation with one another and the fact that the affiants had a direct interest in the success of petitioner's efforts to obtain relief. See State v. Calhoun, supra, citing to State v. Moore (1994), 99 Ohio App.3d 748, and Sumner v. Mata (1981), 449 U.S. 539, 545-546, 66 L.Ed.2d 722,101 S.Ct. 764; State v. Taborn (Nov. 22, 2000), Cuyahoga App. No. 77650, unreported, 2000 Ohio App. LEXIS 5488, at 8-9.` Apart from these affidavits, the petition was devoid of any evidence containing sufficient operative facts demonstrating that trial counsel was ineffective.
The first assignment of error is overruled.
The second assignment of error states the following:
 OHIO'S POST-CONVICTION (sic) SYSTEM DOES NOT COMPLY WITH THE REQUIREMENTS OF DUE PROCESS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
In this assignment, appellant argues that Ohio's post-conviction procedures, under R.C. S2953.21 et seq., fail to provide an individual with any meaningful opportunity to redress his or her wrongful convictions. Appellant's brief at 7. This same exact assignment and argument was raised by appellant's counsel in State v. Mitts (Sept. 28, 2000), Cuyahoga App. No. 76963, unreported, 2000 Ohio App. LEXIS 4525, at 10. In Mitts, this court, relying on State v. Wiles (1998),126 Ohio App.3d 71, determined in denying the argument that the constitutionality of Ohio's postconviction proceedings was not a cognizable claim in a petition for postconviction relief, but instead had to be made in an original action for habeas corpus. Based on our holding in Mitts, this argument is without merit.
The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ SWEENEY, JAMES D., J.:
FRANK D. CELEBREZZE, JR., J., CONCURS; DIANE KARPINSKI, A.J., CONCURS WITH CONCURRING OPINION ATTACHED.
[1] A transcript of the guilty plea and sentencing hearing is not in the record on appeal.